IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01656-MSK-MEH

RITA TAFOYA,
JESSIE BLAYLOCK,
AMY DETTMAN,
TERRY HOLTZ,
LISA DUGGER,
ARLENE VIVENS, and
LOUIS VIGIL, JR.,

       Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,
TRACY HUIRAS, and
DAVID BARTCH,

       Defendants.
_____

**OPINION AND ORDER GRANTING MOTION TO REMAND**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants Huiras and Bartch's

Motion to Dismiss **(# 12)**, the Plaintiffs' response[1] **(# 15)**, and Defendants Huiras and Bartch's

reply **(# 20)**; and the Plaintiffs' Motion to Remand **(# 13)**, the Defendants' response **(# 16)**, and

---

[1]Since filing their response, the Plaintiffs have filed three Notices of Supplemental Authority **(# 25, 41, 44)** with regard to this motion. Defendants Huiras and Bartch have also filed a Notice of Supplemental Authority **(# 30)** concerning this motion.

1

the Plaintiffs' reply[2] **(# 22)**.

According to the Amended Complaint **(# 32)**, the Plaintiffs were all insureds under auto insurance policies written by Defendant American Family Mutual Insurance Co. or its related entity, Defendant American Standard Insurance Company of Wisconsin (collectively "American Family"). At the relevant times, American Family's auto insurance policies did not comply with the requirements of the Colorado Auto Accident Reparations Act ("CAARA"), former C.R.S. §10-4-710(2)(a), in that American Family had not made available the required enhanced Personal Injury Protection ("PIP") benefits required by law. Each of the Plaintiffs were injured in auto accidents. Their injuries were such that they exceeded the available PIP coverage, and thus, might have been entitled to enhanced PIP benefits under the policies. Subsequent litigation in state court resulted in a final order deeming each of the Plaintiffs' policies to be reformed to provide enhanced PIP coverage, and in this case, the Plaintiffs seek, among other things, recovery of additional benefits under that enhanced coverage.

The Amended Complaint alleges six causes of action, all of which sound in Colorado law: (i) breach of contract against American Family, in that American Family has failed to pay the enhanced PIP benefits available under the reformed policies; (ii) bad faith breach of contract, in that American Family's failure to pay the enhanced PIP benefits was willful and wanton; (iii) breach of the implied covenant of good faith and fair dealing against American Family, arising from a variety of listed actions; (iv) fraudulent misrepresentation against American Family, in that it failed to advise the Plaintiffs of the defects in their policies and the availability of the

---

[2]Since completing briefing on this motion, the Plaintiffs have filed six Notices of Supplemental Authority **(# 28, 40, 42, 43, 45, 46)**

curative endorsements; (v) a omnibus claim for "negligence, fraud, breach of duty of good faith, and fraudulent concealment" by Plaintiff Vivens against Defendant Bartch, alleging that Mr. Bartch, as the agent selling American Family's policy to Ms. Vivens, failed to advise her of the defect in her policy; and (vi) a claim for negligent misrepresentation and/or fraudulent concealment by Ms. Vivens against Defendant Huiras, alleging that Ms. Huiras, as the adjuster handling Ms. Vivens' claim, failed to notify Ms. Vivens of the defect in her policy and of American Family's intent to voluntarily reform its defective policies, and falsely advised Ms. Vivens that enhanced PIP benefits were not available to her.

The Plaintiffs commenced this action in the Colorado District Court for Boulder County. On August 5, 2008, the Defendants removed **(# 1)** the action to this Court, citing diversity of citizenship for the basis of federal subject matter. The Notice of Removal acknowledged that Defendants Huiras and Bartch were, like the Plaintiffs, citizens of Colorado, and thus, that complete diversity among the parties did not exist. However, the Defendants contend that Ms. Huiras and Mr. Bartch were fraudulently joined solely for the purpose of defeating diversity and that the Plaintiffs failed to state cognizable claims against them. Accordingly, Ms. Huiras and Mr. Bartch move to dismiss **(# 12)** the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). In response, the Plaintiffs, determined to keep this case in what they believe to be the more favorable state courts, seek remand of the matter for lack of adequate diversity jurisdiction, citing both the presence of the non-diverse Defendants, as well as a contention that the Defendants' Notice of Removal fails to satisfy the requirement of 28 U.S.C. § 1332 that the amount in controversy exceeds $ 75,000. The Court finds this final contention dispositive of the matter, and limits its analysis to that issue.

3

The party invoking federal jurisdiction – here, the Defendants – bear the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court presumes that there is no sufficient basis for subject matter jurisdiction; and the burden is on the removing party – the Defendants – to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 954-55 (10th Cir. 2008); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). Such proof may arise in a variety of ways, *see e.g. McPhail*, 529 F.3d at 954, but conclusory assertions or outright speculation as to the amount potentially recoverable under a given theory will not suffice. *See e.g. Klein v. State Farm Mut. Auto Ins. Co.*, 2008 WL 4948775 (D. Colo. Nov. 18, 2008) (unpublished). The facts demonstrating federal jurisdiction must appear on the face of the complaint and/or the Notice of Removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

In order to demonstrate the existence of federal subject matter jurisdiction premised on diversity under 28 U.S.C. § 1332, the Defendants must make two showings: (i) all Defendants are diverse in citizenship from all Plaintiffs; and (ii) a Plaintiff's claim[3] entails an amount in

---

[3]This Court agrees with the Defendants that *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 566-67 (2006), stands for the proposition that if any individual Plaintiff's claims meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332, the Court can proceed to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims of co-plaintiffs whose claims do not necessarily meet the $ 75,000 amount in controversy threshold.

In this regard, this Court disagrees with dicta in Judge Brimmer's January 16, 2009 decision in *Neill v. American Family Mut. Ins. Co.*, D.C. Colo. Case No. 08-cv-01472-PAB-MJW, attached to one of the Plaintiffs' Notices of Supplemental Authority. *See Docket* # 46-2. Judge Brimmer read *Exxon Mobil* to apply only in class action cases, and instead applied the 10th Circuit's rule in *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006), that "each plaintiff or member of the class must individually satisfy the amount in controversy requirement." However, the Court's discussion in *Exxon Mobil* does not restrict its application

4

controversy in excess of $ 75,000. The Court's analysis here focuses only on the second element, the amount in controversy.

Although the Plaintiffs request a variety of damages, the Amended Complaint, consistent with Colorado state law, does not specifically identify the amount in controversy. Thus, the Court turns to the Defendants' Notice of Removal for evidence that the various items of damages claimed by the Plaintiffs suffice to meet the amount in controversy. The Notice of Removal factually addresses the amount in controversy in four ways: (i) it points out that the Plaintiffs' Civil Cover Sheet indicates that the value of the case exceeds $ 100,000; (ii) it notes that the Plaintiffs' claim for breach of contract permits an award of treble damages and 18% prejudgment interest under C.R.S. § 10-4-708; (iii) it observed that the Plaintiffs seek an award of attorney's fees, the value of which may be included in the amount in controversy; and (iv) it states that under Colorado law, the Plaintiffs are entitled to economic and non-economic damages, not to exceed $ 366,250, on their bad faith breach of contract claim. The Court finds these allegations, individually and collectively, fail to carry the Defendants' burden of establishing the amount in controversy.

This Court has previously concluded that allegations in a plaintiff's Civil Cover Sheet are

---

to class actions, and indeed, one of the cases at issue in that matter was a multiple-plaintiff, non-class action suit. 545 U.S. at 551 (describing facts of simultaneously decided *Ortega v. Star-Kist Foods, Inc.*, where a 9-year old girl injured by a food can brought suit, and later, "her family joined in the suit," only to have the First Circuit rule that "the injured girl, but not her family members, had made allegations of damages in the requisite amount"), 560 (explaining that the rule in the case applies to "claims of plaintiffs permissively joined under Rule 20" as well as in class actions). Having carefully reviewed both decisions, this Court concludes that even though *Lovell* was decided after *Exxon Mobil*, to the extent the 10th Circuit appears to articulate a different rule than that of *Exxon Mobil* in these circumstances, the Supreme Court's decision must control.

insufficient, in the absence of otherwise sufficient factual showings, to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. *See Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208, 1214 (D. Colo. 2007); *see also Klein*, 2008 WL 4948775. The remaining three factual submissions by the Defendants are also insufficient. The mere fact that Colorado law allows trebling of damages or generous prejudgement interest is unhelpful in determining whether the amount at issue exceeds $ 75,000, at least until one can ascertain the base amount of damages that may be subject to trebling or interest. The Defendants have not come forward with any factual showing of what that base amount might be with regard to any of the Plaintiffs.[4] Similarly, the mere fact that attorney's fees might be awarded to the Plaintiffs does not establish that the fees claimed (or found to have been reasonably incurred) would exceed $ 75,000. Given that the case is in its infancy, one would have to engage in sheer speculation to determine the amount of fees that might ultimately be awarded on the present record.[5] Finally, the fact that Colorado law caps certain available damage awards in amounts exceeding $ 75,000 does not warrant the conclusion that the amounts at issue in this case will necessarily bump up against that cap.

---

[4]Although the Amended Complaint is hardly clear on the point, the Plaintiffs appear to allege that, at least with regard to Plaintiffs Dettman, Vigil, and Tafoya, the amount of benefits payable to each under the <u>reformed</u> policy was between $ 88 and $ 312. *Docket # 32 at ¶ 17*. Even trebled and subject to prejudgment interest, these sums do not begin to approach the $75,000 threshold.

[5]As it emphasized in *Klein*, the Court again encourages defense counsel to carefully consider *McPhail*'s discussion of some of the means by which a defendant can independently establish the amount in controversy. 529 F.3d at 954. For example, *McPhail* would seem to suggest that a defendant could tender an affidavit from its own experts as to the probable costs of litigation and amount of attorney's fees that could reasonably be expected to be awarded in a case of this type that is litigated to judgment. 529 F.3d at 954. Nevertheless, the Defendants here do not offer such an estimation.

Accordingly, the Court finds that the Defendants have failed to carry their burden of showing that the amount in controversy with regard to the claims of any of the Plaintiffs exceeds $ 75,000. Because the Defendants have failed to carry their burden of demonstrating the existence of diversity jurisdiction sufficient to support removal, the Plaintiffs' Motion to Remand **(# 13)** is **GRANTED** pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall transmit the case file to the Clerk for the Colorado District Court, Boulder County, and shall thereafter close this case. The Court does not reach Defendants Huiras and Bartch's Motion to Dismiss.

Dated this 28th day of January, 2009

**BY THE COURT:**

*[Signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge